## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| ISAIAH EVANS, et al., | ] | |
| | ] | |
| **Plaintiffs,** | ] | |
| | ] | |
| v. | ] | **CV-05-BE-1017-E** |
| | ] | |
| WALTER INDUSTRIES, INC., et al., | ] | |
| | ] | |
| **Defendants.** | ] | |
| | ] | |
| | ] | |

## MEMORANDUM OPINION

### INTRODUCTION

This case is before the court on Plaintiffs' Motion to Remand (doc. 30). For the reasons discussed at the November 14, 2005 hearing, and set forth below, the court finds that the Motion is due to be **GRANTED** and the case **REMANDED** under the local controversy exception to federal jurisdiction over class actions, as provided in the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(A).

### BACKGROUND AND FACTS

In February 2005, Congress enacted the Class Action Fairness Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4. This case presents the court with its first evaluation of the workings of that statute. Although a broad sweep that brings more class actions into federal court, CAFA does carve out a few exceptions to federal jurisdiction over class actions. This case addresses the applicability of the local controversy exception. For the reasons set out below, the court finds that Plaintiffs met their burden of proving facts in support of remand under the local controversy exception.

Plaintiffs filed this action on behalf of themselves and a class of similarly situated

individuals in the Circuit Court of Calhoun County, Alabama.  Plaintiff requested treatment of

their claims as a class action pursuant to Ala. R. Civ. P. 23, and joined 18 named defendants[1]

who have operated and/or continue to operate iron and other metal casting facilities in the area of

Anniston, Alabama.

Plaintiffs bring personal injury and property damage claims against all Defendants under

state law theories of trespass, nuisance, negligence, negligence *per se*, breach of duty to warn,

wantonness, and outrage.  These claims stem from Defendants' alleged release of contaminants

into the air, ground, and water supply surrounding Defendants' Anniston facilities.  Plaintiffs

seek monetary and injunctive relief.

Defendants MeadWestvaco Corp., United Defense LP, Huron Valley Steel Corp., and

Scientific-Atlanta, Inc. filed a Notice of Removal (doc. 1) to this court on May 16, 2005.[2]  The

basis for removal was the recently expanded diversity jurisdiction provisions of the Class Action

Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d).  Thereafter, on June 8, 2005, Plaintiffs

filed a Motion to Remand (doc. 30).  In their Motion, Plaintiffs argued that CAFA's local

controversy exception requires that this case be remanded to state court.  Plaintiff also submitted,

with their Reply brief, the affidavit of Craig Lowell.  (doc. 40, attachment 1).  Mr. Lowell is one

of the attorneys for the Plaintiffs.  Lowell stated that, based on his personal knowledge, over

ninety percent of the proposed class members were residents of the Anniston, Alabama area.

After affording both parties the opportunity to brief the pertinent remand issues, the court held a

---

[1]The Complaint also lists 26 fictitious defendants, whose citizenship for purposes of removal must not be considered pursuant to 28 U.S.C. § 1441(a).

[2]CAFA permits a class action to "be removed by any defendant without the consent of all defendants."  *See* 28 U.S.C. § 1453.  Accordingly, Defendants' Notice of Removal was properly filed under CAFA.

hearing on November 14, 2005.  Much of the initial briefing addressed which party bears the burden of proof regarding the propriety of removal and remand under CAFA.

At the conclusion of the hearing, the court, citing recent persuasive case law and Senate Report 109-14, concluded that under CAFA's local controversy exception, Plaintiffs have the burden of proving facts in support of their position that the local controversy exception applies.[3] Because this case presented an issue of first impression in the Eleventh Circuit, after that oral ruling the court allowed Plaintiffs additional time to submit evidence in support of their Motion to Remand, and permitted Defendants to respond accordingly.  *See* doc. 46.

Plaintiffs provided the court with the affidavits, and accompanying exhibits, of Jennifer W. Smith and Edward Mcf. Johnson.  *See* doc. 47, attachments 1 and 3.  Smith stated that, based upon her personal review of information provided by identified class members, over ninety percent of the class resides in Alabama.  (doc. 47, attachment 1, p. 2).  Johnson stated that (1) at least one of the named defendants was a "significant defendant" pursuant to CAFA's local controversy exception; (2) the principal injuries occurred within the state of Alabama; and (3) none of the defendants in this case are or have been defendants in any similar class action during the previous three years.  (doc. 47, attachment 3, pp. 6-9).  In response, Defendants attacked Plaintiffs' evidence on the grounds of timeliness, privilege, relevance, lack of proper foundation, hearsay, and competence.

The court also ordered Defendants to file a supplemental brief regarding whether they had properly raised fraudulent misjoinder as a ground for removal, and provided Plaintiffs the opportunity to respond.  In compliance with that order, Defendants argued that their initial Notice

---

[3]The court does not hold that the burden always shifts to the non-removing party to show that removal was not proper under CAFA, but only that the party asserting an *exception* has the burden to prove the exception applies.

of Removal provided sufficient notice of fraudulent misjoinder, and that Plaintiffs waived any argument that the notice was insufficient by not addressing the issue in their Motion to Remand. Plaintiffs countered by challenging the sufficiency of Defendants' notice pursuant to 28 U.S.C. § 1446(b).

This opinion evaluates the sufficiency of those submissions.

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and, thus, are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." *Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (citing *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  Federal courts presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonon v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  Traditionally, the "removing defendant has the burden of proving the existence of federal jurisdiction." *Tapscott v. MS Dealer Svc. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996); abrogated on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000); *see also* 28 U.S.C. § 1441.  Some courts have questioned whether CAFA changes these presumptions and shifts the burden of proof.  *See Berry v. American Express Publishing Corp.*, 381 F. Supp. 2d 1118, 1122 (C.D. Ca. 2005); *Waitt v. Merck & Co.*, 2005 WL 1799740 *2, 1-2 (W.D. Wash. 2005).  Historically, federal courts construe removal statutes strictly, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411.

CAFA provides a defendant with a statutory vehicle by which to remove a class action to federal court.  Specifically, it expands federal diversity jurisdiction over class actions by allowing

the aggregation of the amount in controversy and by implementing a minimal diversity requirement.  28 U.S.C. § 1332(d)(2).

Once a case is removed to federal court, a plaintiff can seek remand of the action to state court in accordance with 28 U.S.C. § 1447.  In addition to failing to meet the amount in controversy and other requirements for removal, under CAFA a class action can be remanded pursuant to the local controversy exception or the home state exception.  28 U.S.C. § 1332(d)(4); *see also* Sen. Rep. 109-14, pp. 28-29.  This case raises the local controversy exception.

## DISCUSSION

### I.  CAFA and the local controversy exception.

### A.  Diversity jurisdiction and the local controversy exception.

Historically, one of the reasons for federal diversity jurisdiction was to ensure fairness to an out-of-state defendant being sued in state court.  Sen. Rep. 109-14, pp. 28-29.  The Senate Committee on the Judiciary recognized that interstate class actions "typically involve more people, more money, and more interstate commerce ramifications than any other type of lawsuit...[; accordingly,] the Committee firmly believes that such cases properly belong in federal court."  *Id*.  To that end, CAFA amends § 1332 to enable federal courts to adjudicate class actions on a diversity jurisdictional basis, and makes it harder for plaintiffs to defeat diversity jurisdiction.  *Id*.

CAFA became law on February 18, 2005 and amended 28 U.S.C. § 1332 to give federal courts diversity jurisdiction over a broad group of class actions.  Pub. L. No. 109-2, 119 Stat. 4 (2005).  CAFA modifies § 1332 by providing that "the district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs...."  28 U.S.C. § 1332(d)(2).  CAFA allows class

members' claims to be aggregated in determining whether the amount in controversy is greater

than $5,000,000.  Section 1332(d)(6).  CAFA also eliminates the complete diversity requirement

with respect to class actions.[4]  Instead, "[t]he district courts shall have original jurisdiction of

any....class action in which - (A) *any* member of a class of plaintiffs is a citizen of a State

different from *any* defendant...."  28 U.S.C. §1332(d)(2)(A) (emphasis added).  Thus, CAFA

significantly expands federal jurisdiction over class actions by allowing the aggregation of the

amount in controversy and implementing a minimal diversity requirement.

However, the "local controversy exception" contained in § 1332(d)(4)(A) *requires* that

the federal court decline jurisdiction over a class action *if* each of the following conditions are

met: (1) more than two-thirds of the class members are "citizens of the state in which the action

was originally filed;" (2) at least one defendant is "a citizen of the State in which the action was

originally filed" whose conduct "forms a significant basis" for the plaintiff's claims, and from

whom "significant relief is sought;" (3) the "principal injuries" must have been sustained by the

plaintiffs "in the State in which the action was originally filed;" and (4) "[n]o other class action"

asserting "the same or similar factual allegations" against any of the defendants can have been

filed within the preceding three years.  Section 1332(d)(4).

The intention behind this exception is to permit class actions with a truly local focus to

remain in state court.  *See* Sen. Rep. 109-14 at p. 38 (stating that a federal court should apply this

exception to a case identified as "a truly local controversy – a controversy that uniquely affects a

---

[4]The United States Supreme Court has interpreted predecessors to the amended 28 U.S.C. § 1332(a) as requiring complete diversity.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) ("[t]he current general-diversity statute...applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff"); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

particular locality to the exclusion of all others.")  Accordingly, the court's analysis of this case for jurisdictional purposes should focus on whether this action is a "truly local controversy" warranting remand or whether it is an "interstate class action...involv[ing] more people, more money, and more interstate commerce" that Congress intended to place in federal court. *Id.* at 5, 38.

### B.  The burden of proving the local controversy exception.

Traditionally, the removing party bears the burden of proving facts in support of federal jurisdiction.  CAFA does not address whether it places the burden of proof on the party seeking remand under the local controversy exception.  Because this statute was recently enacted, few courts have addressed this issue, and it is one of first impression in this circuit.

The courts that have addressed CAFA's burden of proof are split as to the result.  Several courts have determined that CAFA shifts the burden to the party seeking remand.  *See Berry v. American Express Publishing Corp.*, 381 F. Supp. 2d 1118, 1122 (C.D. Ca. 2005) (recognizing that the legislature "expresses a clear intention to place the burden of removal on the party opposing removal to demonstrate that an interstate class action should be remanded to state court..."); *Waitt v. Merck & Co.*, 2005 WL 1799740 *2 (W.D. Wash. 2005) ("it is plaintiff's responsibility to demonstrate that removal from state court was improvident..."); *Harvey v. Blockbuster, Inc.*, 384 F. Supp. 2d 749, 752 (D.C. N.J. 2005) ("[a] defendant removing an action generally bears the initial burden of demonstrating that an action should not be remanded to state court....[b]ut it appears that the party opposing removal under *Section 1332 (d)* bears the initial burden of demonstrating that an action should be remanded...."); *In re Textainer Partnership Securities Litigation*, 2005 WL 1791559 *3-4 (N.D. Cal. 2005) ("plaintiff bears the burden of demonstrating that the exceptions [to CAFA] apply"); *Natale v. Pfizer, Inc.*, 379 F. Supp. 2d 161,

168 (D.C. Mass. 2005) (under CAFA, "the burden of removal is on the party opposing removal

to prove that remand is appropriate"); *Yeroushalmi v. Blockbuster, Inc.*, Case No. CV 05-2550

AHM, p. 6 (C.D. Cal. 2005), unreported, (analyzing CAFA's legislative history and determining

that the Act places the burden on the plaintiff to establish the absence of federal jurisdiction).

These courts have looked to the Senate Report that states:

> [i]t is the Committee's intention with regard to *each of these exceptions that the
> party opposing federal jurisdiction shall have the burden of demonstrating the
> applicability of an exemption.* Thus, if a plaintiff seeks to have a class action
> remanded under section 1332(d)(4)(A) on the ground that the primary defendants
> and two-thirds or more of the class members are citizens of the home state, that
> *plaintiff shall have the burden of demonstrating that these criteria are met by the
> lawsuit*...

Sen. Rep. 109-14, p. 44 (emphasis added).

However, other courts have concluded that CAFA does not change the traditional rule

that the removing party bears the burden of establishing federal jurisdiction. *See  Bill v.

Countrywide Home Loans, Inc.*, 427 F.3d 446, 448-49 (7th Cir. 2005) (concluding that CAFA's

express terms did not change the traditional burden of proof); *Ongstad v. Piper Jaffray & Co.,

Inc.*, 2006 WL 14399, *1-4 (D. N.D. 2006) (holding that nothing in CAFA contemplates

changing the rule requiring the removing party to bear the burden of establishing federal subject-

matter jurisdiction); *Schwartz v. Comcast*, 2005 WL 1799414, *7 (E.D. Pa. 2005) (stating that

"[h]ad Congress intended to make a change in the law with respect to the burden of proof, it

would have done so expressly in the statute..."); *Plummer v. Farmers Group, Inc.*, 388 F. Supp.

2d 1310, 1317-18 (E.D. Okla. 2005) (noting that even though the purpose of CAFA seemed to

reverse the burden of proof, the statute's express language did *not* effectuate this purpose); *Judy

v. Pfizer, Inc.*, 2005 WL 2240088, *2 (E.D. Mo. 2005) (stating that Congress' failure to address

the burden of proof in the statute's express language, particularly after discussing it in the

legislative history, showed an intent *not* to change the burden of proof).

This court agrees with those courts who hold that CAFA does not change the traditional rules regarding burden of proof.  Nothing in the statutory language evidences a shift in the burden of proof regarding the propriety of removal.  Congress cannot change or affect the law by language that appears only in a committee report and not in the express language of the statute.  Thus, the party removing a case – even under CAFA – has the initial burden to establish that removal was proper.  However, based on traditional burdens of proof and logic, the court concludes that the party asserting a position – here, that the local controversy exception applies – has the burden to prove it.  *See United States v. Continental Ins. Co.*, 776 F.2d 962, 964 (11th Cir. 1985) (recognizing the common law guide "that the party in the best position to present the requisite evidence should bear the burden of proof.")

Congress enacted CAFA with the purpose of expanding federal jurisdiction over class actions.  Keeping that purpose in mind, and in accordance with the traditional rules regarding burdens of proof, this court holds that a party seeking remand of a case *pursuant to the local controversy exception* has the burden of proving facts sufficient to show that the exception applies to the case at bar.  This holding does not change the traditional rule that a party seeking to remove a case to federal court – even under CAFA – bears the initial burden of proving the existence of federal jurisdiction.  *See Tapscott v. MS Dealer Svc. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996); abrogated on other grounds, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000); *see also* 28 U.S.C. § 1441.

Further, although CAFA expanded federal jurisdiction, nothing in the express language addressed the traditional rules regarding the limitations of federal jurisdiction and the burden of establishing subject matter jurisdiction.  CAFA does not change the principle that "all doubts

about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d 405, 411 (11th Cir. 1999). Defendants' Notice of Removal sufficiently established that removal was proper under CAFA, barring application of any exception. The Notice showed that at least one plaintiff was diverse from at least one defendant, thereby satisfying CAFA's minimal diversity requirement. Additionally, the Notice established that the aggregate claims of the putative class members exceeded $5,000,000.00, exclusive of interest and costs. Thus, Defendants met their initial burden to establish that they properly removed this case. However, Plaintiffs assert that an exception requires remand. They must prove sufficient facts to establish that the exception applies to warrant remand.

**II. Plaintiff's Motion to Remand.**

Having determined that Plaintiffs bear the burden of proof as to the assertion of the exception, the court turns to the merits of Plaintiffs' Motion to Remand and the sufficiency of the supporting evidence. Plaintiffs filed three affidavits in support of their Motion to Remand. Plaintiff's Reply brief contained the Lowell affidavit. Plaintiffs filed the Smith and Johnson affidavits, with attachments, pursuant to the court's order following the November 14, 2005 hearing. Defendants argue that all of these affidavits should be stricken from the record because they are untimely, violative of Due Process, and lacking in relevant and/or competent evidence. The court will first address Defendants' general arguments regarding the admissibility of Plaintiffs' evidence, and then analyze the merits of Plaintiffs' arguments incorporating this evidence.

**A. General arguments regarding the affidavits.**

Defendants argue that the Lowell affidavit submitted with Plaintiffs' Reply brief was not timely filed because it was not submitted in support of Plaintiff's *initial* Motion to Remand.

Defendants assert that because the affidavit was filed in the Reply, they were precluded from responding to this evidence.  Defendants also contend that they were given only four business days to respond to the affidavits submitted in response to this court's November 15, 2005 order, and claim they were prejudiced by not having adequate time to respond.

Defendants' arguments are not persuasive.  In response to the Motion to Remand, Defendants argued that Plaintiffs had the burden of proof as to the propriety of remand, but before the November 14, 2005 hearing and the court's ruling, who had the burden of proof under CAFA was unclear.  Moreover, Defendants were given the opportunity to respond to all of Plaintiffs' submissions after the initial hearing.  With respect to the Smith and Johnson affidavits filed after the November 14, 2005 hearing, Defendants had four business days to respond to Plaintiff's evidentiary submissions.  Similarly, Plaintiff were given only four days to produce the evidence.  Defendants, therefore, had as much time as Plaintiffs to formulate their submissions.[5]

Defendants also assert a due process objection to the use of the Smith and Johnson affidavits.  Those affidavits both contain a statement that "this evidentiary submission may not be considered a waiver of the attorney-client privilege, the work product doctrine, or the prohibition against discovery of information, which was prepared in anticipation of litigation."[6]  Defendants argue that Plaintiffs' use of the privilege as both a "shield and sword" violates Defendants' right

---

[5]The court also notes that the timetable for these submissions was discussed at the November 14, 2005 hearing.  Had the timing truly been a problem, Defendants should have addressed their time requirements at the hearing or immediately upon receipt of Plaintiffs' submissions instead of waiting until after the fact to make timing an issue.  Further, Defendants knew from their Notice of Removal or at least from the Motion to Remand that the local controversy exception was an issue for which they needed to prepare.  Although they might not have known the precise evidence supporting Plaintiffs' submissions, they certainly could have anticipated the general parameters and prepared themselves accordingly.

[6]Smith Affid., ¶ 2; Johnson Affid., ¶ 2.

to due process because (1) it protects how Plaintiffs reached their conclusion; (2) does not give sufficient back-up information; and (3) enables Plaintiffs to control the record by protecting this information.  In support of their arguments, Defendants cite *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1417 (11th Cir. 1994), for the proposition that a party "may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes."

The court disagrees and finds that these affidavits do not present any due process problem.  The affidavits' privilege statement merely asserts that the affidavits themselves cannot be viewed as a total, blanket waiver of the privilege.  Plaintiffs are not using the privilege as both a sword and a shield; rather, they are attempting to protect privileged information from a future argument that Plaintiffs had waived their right to assert privilege by complying with the court's Order to provide facts in support of remand.

Defendants also assert that Plaintiffs' use of affidavits supporting jurisdictional arguments dictates that they be provided an opportunity to have limited discovery concerning the matters covered by the affidavits.  *See Kamen v. AT&T Corp.*, 791 F.2d 1006, 1010-1011 (2d Cir. 1986).  With respect to whether additional discovery is warranted at this point, the court notes that the Senate Report reflects an understanding "that *in some instances, limited discovery may be necessary* to make these determinations."  Sen. Rep. 109-14, p. 44. (emphasis added).  However, the Committee cautioned that "[a]*llowing substantial, burdensome discovery on jurisdictional issues would be contrary to the intent* of these provisions to encourage the exercise of federal jurisdiction over class actions."  *Id.*  Thus, while Congress intends to expand the federal court's jurisdiction over class actions, Congress did not contemplate in-depth fact-finding on jurisdictional issues.

The court concludes that permitting Defendants further discovery *at this stage* would unduly prolong the speedy resolution of this threshold jurisdictional issue.  Further, Defendants do not lack a remedy or access to discovery on this matter.  If discovery in state court contradicts Plaintiffs' evidence of a local controversy, then CAFA permits Defendants to remove the case to federal court notwithstanding § 1446(b)'s traditional one-year time limit.  *See* 28 U.S.C. § 1453(b).

The court finds that the other challenges lodged by Defendants against Plaintiffs' affidavits similarly lack merit.

**B.  The merits of Plaintiff's local controversy exception claim.**

To prevail under the local controversy exception, Plaintiffs must show that (1) greater than two thirds of the proposed class are citizens of the filing state; (2) at least one defendant from whom significant relief is sought, and whose alleged conduct forms a significant basis of the claims, is a citizen of the filing state; (3) the principal injuries occurred in the filing state; and (4) no other class action asserting the same or similar factual allegations has been filed against any of the defendants within the three years preceding the instant case.  28 U.S.C. §1332(d)(4)(A).  Defendants did not address the third prong of this test in their submissions; accordingly, the court finds that they concede – as indeed they should – that the principal injuries occurred in Alabama.

**1.  Class member citizenship.**

The first prong of the local controversy exception requires that Plaintiffs show that "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed."  28 U.S.C. §1332(d)(4)(A)(i)(I).  Defendants argue that the class definitions in this case are so broad as to show no limitation as to

citizenship.  According to the Complaint, members of the two classes (property damage and personal injury) include (1) property owners and lessees in the Anniston area; and (2) all individuals who have come into contact with and been damaged by any of the contaminated substances at issue.[7]  Because Plaintiffs' allegations extend over a period of at least 85 years, Defendants argue that the limits of the class are boundless.  Defendants contend, among other arguments, that Plaintiffs' class definition enables any individual who was exposed to any amount of a pollutant from any of the eighteen defendants to qualify as an individual for the personal injury class, with a similar result applicable to the property damage class.

The court finds that Defendants' argument regarding the scope of the class is better addressed at the class certification stage as opposed to this Motion to Remand.  Permitting discovery, briefing, and arguments regarding all of the issues Defendants set forth would require the court to resolve broad inquiries regarding class certification at this preliminary jurisdictional stage.  These issues are not what Congress had in mind when it advocated "limited fact finding" and encouraged "jurisdictional determinations" to be "made largely on the basis of readily available information."  *See* Sen. Rep. 109-14, p. 44.

Defendants further contend that the affidavits from Lowell and Smith addressing the citizenship of the putative class do not contain relevant information.  Defendants point to the fact that Plaintiffs asserted facts only as to the *residence* of the class members - not their *citizenship* as required by 28 U.S.C. § 1332(d)(4)(A).  Defendants claim that this distinction is particularly important in the Anniston locale because of the number of military personnel and other individuals who have resided there, but who may have retained their citizenship in other states.

The court recognizes the discrete distinction between residence and citizenship for

---

[7]Compl., ¶ 58.

14

purposes of diversity jurisdiction.  *See* Erwin Chemerinsky, *Federal Jurisdiction*, §5.3 (4th ed.

2003) (to determine an individual's *citizenship*, the court asks where an individual has his

domicile, or rather, where his true, fixed, and permanent home is located); Black's Law

Dictionary 1310 (7th ed. 1999) (defining residence as "[t]he place where one actually lives, as

distinguished from domicile.")  The court is also cognizant of the likelihood that some potential

class members were transient personnel who retained their citizenship in other states.  However,

for purposes of proving citizenship under the local controversy exception, Plaintiffs should be

able to reasonably rely on the addresses of the potential class members to determine likely

citizenship of more than 2/3 of the class, particularly when 92% have Alabama addresses.  The

large number of Alabama addresses certainly implies that at least two thirds of the Plaintiffs'

class maintain Alabama citizenship.  In light of the limited discovery permitted for this

preliminary jurisdictional issue, requiring Plaintiffs to contact over 10,000 potential class

members to clarify their citizenship versus their residence would be patently unreasonable.[8]

Accordingly, Plaintiffs' evidence of the potential class members' residence is relevant to the

court's inquiry at this stage.[9]

What is clear from the Complaint and the affidavits in support of the Motion to Remand

is that Plaintiffs provided evidence that (1) over 90% of the class members are residents of

Alabama; (2) all such persons were allegedly injured while they were residents of Alabama; and

---

[8]The court again notes that *if* discovery yields facts supporting removal under CAFA, Defendants are free to remove the case notwithstanding the traditional one-year time limit on removal pursuant to 28 U.S.C. § 1446(b).  *See* 28 U.S.C. 1453(b).  Further, exactly how class representatives are to prove citizenship of two-thirds of a large class at the preliminary stage of a case for jurisdictional purposes presents a dilemma for counsel and the courts.

[9]If the percentage of Alabama residents were closer to the required two-thirds citizenship requirement, this issue would be a closer one and might warrant more discovery as to the actual citizenship of class members.

(3) all of the allegedly damaged property is located in Alabama.  As previously mentioned, the sample of ten thousand potential class members revealed that over 90% are residents of Alabama. The court finds it reasonable that *at least* two-thirds of them are *citizens* of Alabama, particularly for the property sub-class because all of the property at issue is located in Alabama.  Thus, more than two thirds of the owners of those properties are Alabama citizens.  Accordingly, this court finds that the Plaintiffs satisfied their burden of proof with respect to the first prong of the CAFA's local controversy exception.

**2. Significant defendant.**

Pursuant to the second prong, Plaintiffs bear the burden of showing that at least one of the Defendants in this case is a defendant (1) from whom significant relief is sought; (2) whose conduct forms a significant basis of plaintiff's claims; and (3) who is a citizen of the State in which the action is filed.  28 U.S.C. §1332(d)(4)(A)(i)(II).  Plaintiffs offer evidence to show that U.S. Pipe & Foundry Company, an Alabama corporation with its principal place of business in Birmingham, Alabama, owned and/or operated at least two metal casting facilities in Anniston during the time period relevant to this lawsuit,[10] and contend that significant relief is sought from U.S. Pipe.

Defendants contend that U.S. Pipe's alleged conduct does not form a significant basis for the claims asserted by every member of the proposed class.  The wording of the statute requires that "a district court shall decline to exercise jurisdiction...over a class action in which...at least one defendant is a significant defendant...whose alleged conduct forms a significant basis for the

---

[10]*See* Johnson Affid., ¶8, Ex. A, p. 1 (stating that U.S. Pipe & Foundry was created by the consolidation of 12 companies, one of which was the Anniston Pipe Foundry, located at 2101 W. 10th Street, Anniston, Alabama); Ex. B, (stating that U.S. Pipe acquired a foundry located at 1831 Front Street, Anniston, Alabama, and operated it from 1961 until 2003).

claims asserted by *the proposed plaintiff class*..."  28 U.S.C. §1332(d)(4)(A)(i)(II)(bb) (emphasis

added).  Because U.S. Pipe did not have a presence in Anniston for at least ten of the years

during which Plaintiffs allege that its class members were injured, Defendants argue that for

every potential class member to have a claim against U.S. Pipe would be a physical

impossibility.[11]

Defendants cite no controlling law for their assertion that Plaintiffs cannot plead generic

claims against all Defendants without distinction and then, once the case is removed, deem one

of them "significant" to send the case back to state court.[12]  Defendants also assert that Johnson's

affidavit is flawed in that it lacks facts to show that even a single member of the putative class

has a claim against U.S. Pipe, which is the resident defendant that Plaintiff argues is a

"significant defendant" within the meaning of §1332(d)(4)(A)(i)(II).

Although CAFA does not define "significant defendant," the court finds that Defendants'

arguments are insufficient to counter Plaintiffs' submissions for two reasons.  First, Plaintiffs'

Complaint possesses the requisite specificity to assert claims for damages against U.S. Pipe.

Paragraphs 47 through 57 of the Complaint accuse *all* of the Defendants of contaminating the air,

soil, and water in the Anniston area.  Johnson's affidavit provides evidence that U.S. Pipe, an

Alabama citizen, owned and operated at least two foundry facilities during a substantial portion

---

[11]*See* Removing Defs.' Resp. to Pls.' Evid. Submission in Supp. of Mot. to Remand, Langliais Aff., Ex. A, B, & C (stating that sometime after WWII, U.S. Pipe is believed to have discontinued operations at the 10th St. facility); Langliais Affid., Ex. D (claiming that any casting operations at the 10th St. facility ceased by the late 1920's); Pls.' Johnson Affid., Ex. B (asserting that U.S. Pipe purchased the Front St. Facility in 1961 and operated it until 2003).

[12]Defendants do cite *Adams v. Fed. Materials Co.*, 2005 WL 1862378 (W.D. Ky. 2005). The court does not find *Adams* persuasive because that case (1) dealt with the home state exception, as opposed to the local controversy exception; and (2) specifically focused on differentiating between a "primary" and a "secondary" defendant as opposed to defining a "significant defendant."

of the relevant time period.  Those facilities allegedly produced contaminated foundry sand.[13]
Consequently, U.S. Pipe is a defendant from whom significant relief is sought.

Second, the express terms of the statute do not dictate that *every single class member*
must assert a claim against U.S. Pipe for the local controversy exception to apply.  Although
Defendants quote 28 U.S.C. §1332(d)(4)(A)(i)(II)(bb), a more logical interpretation of the
exception is that some portion less than the *total* number of class members is required to assert a
claim against the defendant at issue.  *See* 28 U.S.C. §1332(d)(4)(A)(i)(II)(aa) ("a district court
*shall decline* to exercise jurisdiction...over a class action in which...*at least one defendant* is a
significant defendant...from whom significant relief is sought by *members of the plaintiffs
class*...) (emphasis added).  The statute does not require that *all* members of the class seek
significant relief from the local defendant, but only that *members* of the class seek significant
relief from one local defendant.  Had Congress intended "all" it could have said "all."
Defendants' reading of this exception would ensure that the local controversy exception could
practically never be established.

Plaintiffs' evidence supports a finding that U.S. Pipe, an Alabama citizen, is a significant
defendant whose alleged conduct forms a significant basis for the claims asserted by the
proposed class.  Accordingly, the court finds that Plaintiffs satisfied their burden of establishing
the local controversy exception's second prong.

**3.  Similar class actions.**

The fourth prong of the local controversy exception requires that "during the *3-year
period* preceding the filing of that class action, no other class action has been filed asserting the
*same or similar factual allegations* against *any* of the defendants on behalf of the same *or* other

---

[13]Johnson Affid., ¶¶ 3-14.

persons..."  28 U.S.C. §1332(d)(4)(A)(ii) (emphasis added).[14]  Plaintiffs submitted evidence that none of the Defendants have been sued in a similar class action filed in the three years preceding this case.

Defendants contend that Plaintiffs fail to satisfy this requirement because the *Evans* complaint alleges a claim against the Foothills Community Partnership ("FCP").  The FCP is a group of companies that are former or current owners of industrial operations in the Anniston, Hobson City, and Oxford areas.  The FCP signed an agreement with the Environmental Protection Agency ("EPA") to continue and significantly expand upon the EPA's work of investigating, sampling and, if necessary, performing cleanup in residential areas affected by their industrial operations.  McWane, Inc. is a member of the FCP; therefore, according to Defendants, McWane, Inc. might *indirectly* be a party to the *Evans* lawsuit.  McWane is also a named defendant in *Almon, et al., v. McWane, Inc., et al.*, CV 04-1112, a class action filed on December 16, 2004 currently pending in the Circuit Court of Calhoun County.  The *Almon* complaint sets forth similar factual allegations regarding foundry sand pollution that are addressed in the *Evans* complaint.  The *Almon* complaint also alleges seven of the eight claims set forth in the *Evans* complaint.  Defendants, therefore, argue that because McWane, Inc. is an entity within the FCP, and because the FCP is a named defendant in the *Evans* complaint, then McWane is effectively a defendant in both *Evans* and *Almon*, containing the "same or similar factual allegations."

However, the court finds that none of the defendants named in *Almon* are specifically

_____

[14]The purpose of this requirement is to assess "whether a controversy is localized" and "to ensure that overlapping or competing class actions or class actions making similar factual allegations against the same defendant" are not excluded from Federal Court.  Sen. Rep. 109-14, p. 39.

named in the *Evans* Complaint.  The mere *possibility* that an *Almon* defendant is *indirectly* named in the *Evans* lawsuit is not enough to defeat the local controversy exception.[15]  The court concludes that Plaintiffs satisfied the fourth and final prong of the local controversy exception.

### 4.  Conclusion as the local controversy exception.

While CAFA's new §1332(d) substantially expands federal court jurisdiction over class actions, the local controversy exception to CAFA ensures "that state courts can continue to adjudicate *truly local controversies* in which some of the defendants are out-of-state corporations."  Sen. Rep. 109-14, p. 28 (emphasis added).  In this case, the alleged contamination occurred in Alabama, the personal injuries occurred in Alabama, the property affected is located in Alabama, a super-majority of the class resides in Alabama, and at least one significant corporate defendant is an Alabama citizen.  The court cannot imagine a case better suited for application of the local controversy exception than this one.  If the court were to adopt Defendants' position in this case, it would essentially eliminate this carefully crafted exception from CAFA.  Further, permitting Defendants to undertake additional discovery would result in mini-trials being conducted on jurisdictional issues.

Despite the court's holding as to this Motion to Remand, Defendants are protected from

---

[15]Further, Alabama law disallows separate actions by a plaintiff in Alabama courts at the same time, for the same cause, and against the same party.  Alabama Code § 6-5-440 provides that

> [n]o plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party.  In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times.

Thus, the state court should determine what effect § 6-5-440 may have when a defendant in one suit is potentially an indirect defendant in a second suit by virtue of an affiliation with a named defendant.

the type of "gaming" that occurred under the previous class action system. As stated previously in this memorandum, CAFA abolishes the one year time restriction on removal for class actions. *See* 28 U.S.C. §1453(b).  Although §1446(b) still requires a notice of removal to be filed within thirty days after the case becomes removable, the notice can be filed more than one year after the commencement of the action at issue.  Thus, should future discovery yield facts supporting removal under CAFA and undermining the applicability of the local controversy exception, Defendants may remove this case at that time.

### III.  Fraudulent misjoinder.

On November 14, 2005, the court also heard arguments as to whether Defendants set forth fraudulent misjoinder as a basis for removal in their Notice of Removal.  The court ordered Defendants to file a supplemental brief regarding this issue, and allowed Plaintiffs the opportunity to respond.  (doc. 46.)  For the reasons set forth below, the court finds that Defendants failed to assert an argument for fraudulent misjoinder in their Notice of Removal, and, accordingly, waived that theory.

Except as prohibited by statute, a defendant may remove a civil case from state court to federal court when the federal court has subject matter jurisdiction over the case.  28 U.S.C. §1441.  The notice of removal must be filed within thirty days of the defendant being served with the plaintiff's complaint, and must contain a short and plain statement of the grounds for removal.  28 U.S.C. §1446(a)&(b).  A removing defendant bears the burden of proving the existence of federal jurisdiction.  *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).  As the Eleventh Circuit noted, a conclusory allegation in the notice of removal not supported by facts is insufficient to meet the defendant's burden.  *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001).

When Defendants filed their Notice of Removal, they utilized over two full pages of their four-and-a-half page notice setting forth CAFA as the grounds for removal.  The Notice explicitly stated that "[t]his court has jurisdiction over this case pursuant to Section 4(a) of CAFA, 28 U.S.C. § 1332(d)(2)..."[16] and supported this contention with assertions that the Removing Defendants are diverse and the amount in controversy exceeds $5,000,000.00. Defendants concluded that "[b]ased on the foregoing, the Removing Defendants have established that this Court has original jurisdiction over this action *pursuant to the CAFA*."[17]

In contrast to their CAFA arguments, the issue of fraudulent misjoinder appears in one *footnote* in Defendants' Notice of Removal.  Footnote one states:

> FN1:  Pursuant to Tapscott v. MS Dealer Services, 77 F.3d 1353 (11th Cir. 1996), it also *appears* that Plaintiffs have improperly joined in this action claims against non-diverse defendants since they have failed to match individual Plaintiff's claims with the particular Defendants against whom those claims are being asserted.

Notice of Removal, p. 3, n. 1 (emphasis added).  The body of Defendant's Notice does not mention fraudulent misjoinder, nor does it contain any factual assertions or conclusory statements regarding this issue.

This court holds that Defendants failed to assert fraudulent misjoinder as a ground for removal in their Notice.  The footnote at issue merely indicated the *possibility* that such a ground exists, and did not incorporate facts that might support such a claim.  With respect to diversity jurisdiction under CAFA, Defendants properly identified the citizenship of the parties, the amount in controversy, and the existence of a class or mass action as defined by 28 U.S.C.

---

[16]Notice of Removal, ¶5.  The opening paragraph of the Notice of Removal also states that the Notice was filed pursuant to the CAFA.

[17]*Id*. at ¶9 (emphasis added).

§1332(d).  In contrast, Defendants' contention regarding fraudulent misjoinder does not even rise

to the level of a conclusory allegation, and certainly does not constitute the short and plain

statement supported by proof that supports removal pursuant to §§1441 and 1446.  The footnote

does not even suggest which Defendant or Defendants might have been improperly joined and

thus was insufficient to give notice to Plaintiff that Defendants asserted fraudulent misjoinder a

legitimate basis for removal.

Nor does Defendants' Response to Plaintiffs' Motion to Remand cure the defects related

to allegations of fraudulent misjoinder.  *See* doc. 38.  In that Response, Defendants developed

their fraudulent misjoinder argument and included facts to support their contentions.  However,

that Response was filed on June 30, 2005 – more than thirty days after Defendants received the

Complaint.  In *Fuller v. Exxon Corp.*, the District Court for the Southern District of Alabama

determined that (1) a petition for removal must be filed within thirty days of receipt of the

pleading; (2) after the thirty day period, a party may only amend defective allegations pursuant to

28 U.S.C. § 1653; and (3) Section 1653 does not permit the assertion of additional grounds of

jurisdiction not included in the original pleading.  131 F. Supp. 2d 1323, 1327-28 (S.D. Ala.

2001) (noting also that "a defendant's ability to amend the removal petition after the thirty-day

time limit for removal prescribed by § 1446 extends *only to amendments to correct 'technical*

*defects'* in the jurisdictional allegations in the notice of removal....) (emphasis added); *see also*

*Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1347 (S.D. Ala. 2000) (observing that

after the thirty-day time period, "the notice of removal may be amended only to set forth more

specifically grounds for removal which were imperfectly stated in the original petition");

*American Educators Financial Corp., v. Bennett*, 928 F. Supp. 1113, 1115 (M.D. Ala. 1996)

(stating that an amendment to a notice of removal can only "set forth more specifically the

grounds for removal which were imperfectly stated in the original petition.  An imperfect or defective allegation is distinguished from a *missing allegation*, which may not be added by amendment after the 30-day period has expired.") (emphasis added).

The first factually-supported argument regarding fraudulent misjoinder appeared in Defendants' Response to Plaintiffs' Motion to Remand, which was filed on June 30, 2005 – more than eighty days after Defendants were served with the Complaint.  Accordingly, the Notice of Removal lacked sufficient information to assert fraudulent misjoinder as a ground for removal, and Defendants failed to timely amend their Notice.  Defendants are precluded from asserting fraudulent misjoinder as a basis for removal.

## CONCLUSION

Plaintiffs met their burden of proving the elements of the local controversy exception. Defendants failed to assert fraudulent misjoinder in their Notice of Removal, and did not timely amend their Notice to incorporate this theory as a basis for removal.  Accordingly, Plaintiffs' Motion to Remand will be **GRANTED** and this case **REMANDED** to state court for further proceedings, by a separate Order filed contemporaneously with this Memorandum Opinion.

DONE and ORDERED this 15th day of March, 2006.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE