FILED
2018 Jul-30 AM 09:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ISAIAH EVANS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:05-CV-01017-KOB |
| | ) |
| UNITED STATES PIPE & | ) |
| FOUNDRY COMPANY, INC., et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is the Community Foundation of Northeast Alabama's motion to reconsider its June 21, 2018, Order replacing CFNEA as the Scholarship Fund Administrator for the Evans Litigation Scholarship Fund. (Docs. 321, 322).

CFNEA argues that "due process and fairness require" this court to hear CFNEA's response to the "false and defamatory allegations" within the Plaintiff Class Members' motion to appoint the new scholarship fund administrator. (Doc. 323 at 3). As explained below, because CFNEA is not a party to this case, and the parties' settlement agreement requires the *settling Defendants* to choose the Scholarship Fund Administrator, the court **DENIES** the motion. (Doc. 322).

### I. STANDARD OF REVIEW

"[R]econsideration of an order is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d

1

1256, 1267–68 (N.D. Ala. 2006). Motions for reconsideration should not be a "'knee-jerk reaction to an adverse ruling.'" *Id.* (quoting *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M. D. Ala. 2003)). Neither should they be "a platform to relitigate arguments previously considered and rejected." *Reuter*, 440 F. Supp. 2d at 1268 n. 9. Rather, they should be "only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center*, 294 F. Supp. 2d at 1355.

## II. DISCUSSION

On May 8, 2018, certain Plaintiff Class Members asked this court to replace the fund administrator of the Evans Scholarship Fund (now known as the "It's Possible Scholarship Fund."). (Docs. 315, 317). The movants sought this court's approval because the court has retained jurisdiction over specific matters regarding the scholarship fund. (Docs. 286-2, 302).

The parties' "Stipulation of Settlement and Compromise," which this court approved on February 28, 2011, provides, "[i]n the event it becomes necessary to engage someone other than [CFNEA] as the Scholarship Fund Administrator, or to replace [CFNEA], Settling Defendants shall select the new or replacement Scholarship Fund Settlement Administrator . . . . Such selection shall be subject to

2

Court approval." (Doc. 286-3 at 6). The agreement does not require the court to choose the administrator, nor does it grant CFNEA any rights regarding that decision.

When given the opportunity, the settling Defendants did not object to the Plaintiffs' proposed replacement. (Docs. 319, 320). Because the parties to this case were in agreement, and the court found no reason the requested change violated the consent decree's terms, the court granted the motion. To be clear, the court did not need to consider—and made no determination regarding—the allegedly defamatory remarks in the Plaintiffs' motion.

CFNEA is not a party to this action, and it did not file a motion to intervene. Also, the parties' settlement agreement grants the power of choosing the Scholarship Fund Administrator to the settling Defendants (subject to court approval). Therefore, the court had no basis for corresponding with CFNEA or eliciting its opinion regarding the motion.

Finally, because CFNEA is not a party to the action, it is in no position to move the court to reconsider its Order. *See Summit Medical Center*, 294 F. Supp. 2d at 1355 (motions to reconsider are "only available when a *party* presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.") (emphasis

added). And even if CNFEA were a party, it did not show "an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice" regarding the court's decision. *See id.*

Therefore, the court **DENIES** the Community Foundation of Northeast Anniston's Motion to Reconsider. (Doc. 322).

**DONE** and **ORDERED** this 30th day of July, 2018.

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE